## Case No. 6,053.

### In re HARDISON.

[5 Law Rep. 255.]

Circuit Court, E. D. Virginia. June 8, 1842.

BANKRUPTCY — PETITION — FAILURE TO INCLUDE ALL DEBTS — DEBT INCURRED IN FIDUCIARY CHARACTER—WHETHER DECREE CAN BE MADE.

1. A petitioner in bankruptcy cannot be decreed a bankrupt when, in his petition and schedule, he does not include all his creditors and the debts due to them.

2. Nor can he be so decreed whilst he owes a debt as executor or administrator of a decedent's estate, or any debts that have been created in consequence of a defalcation as a public officer, or as guardian, or trustee, or whilst acting in any other fiduciary character, although he may owe other debts not of such a character. But see the decisions in Re Lord [Case No. 8,-501]; Re Brown [Id. 1,979]; Re Tebbetts [Id. 13,817].

In this case the following questions were adjourned from the Norfolk district court, to this court: 1. Can the court decree the petitioner [John Hardison] a bankrupt, under the act of congress, entitled "An act to establish a uniform system of bankruptcy throughout the United States," passed the 19th of August, 1841 [5 Stat. 440], when in his petition and schedule he does not include all his creditors, and the debts due to them? 2. Can the petitioner be so declared a bankrupt, whilst he owes a debt as administrator of a decedent's estate which is unpaid, although he may owe other debts not of a fiduciary character?

Before DANIEL, Circuit Justice, and MASON, District Judge.

DANIEL, Circuit Justice. In considering these questions, it is much to be regretted that no illustrations of them can be derived from the decisions of the courts in England, the statutes in that country containing no provision similar to that in the first section of the act of congress, in relation to voluntary bankrupts. Upon the first perusal of this section of the act of congress, (under which the above questions arise,) a strong impression of its import and requirements was created, and such impression has been strengthened by reflection, and by comparison with the opinions of others, so far as these last have been obtainable. The first section, after adverting to the character in which the debts of the petitioner shall or shall not have been contracted, proceeds further to prescribe the subject-matter, the very detail and specification to be contained in the petition. It shall set forth, first, to the best of his knowledge and belief, a list of the cred-

itors; second, their respective places of residence; third, the amount due to each; fourth, an accurate inventory of the property, rights and credits of the debtor of every name, kind and description, and the location and situation of each and every parcel thereof. It is upon such a petition containing these enumerated requisites, that the petitioner may be decreed a bankrupt; such plain and positive requirements, it seems difficult to misapprehend, or to dispense with; and if any one amongst the conditions, all equally plain, can be dispensed with, the whole might with the same authority or propriety be disregarded. The statute designs a full disclosure of creditors; and of property to be rateably distributed amongst them; a suppression then as to the one or the other, is not only a violation of the letter, but a fraud upon the main purposes of the law.

The language of this section, in reference to the persons who may petition, though not as perspicuous as the ends of legislation would render desirable, is nevertheless deemed susceptible of a rational and definite interpretation. The clause commences with a description of the persons to whom the privilege of voluntary bankruptcy may be extended. 'T is the person; the position in which he stands, and the acts which he shall perform, with which the section is dealing. It is he that is the subject of the section throughout; it is he on whom it is to operate, and on whom conditions are imposed. The language is, "all persons whatsoever, residing in any state, district or territory of the United States, owing debts," which shall not have been created in consequence of a defalcation as a "public officer, or as executor, administrator, guardian or trustee, or whilst acting in any other fiduciary capacity," upon a petition containing the enumerated requisites, may be decreed bankrupts. The privilege sought, is personal; the conditions on which it can alone be obtained, must exist in reference to him in his person, and be fulfilled by him. He must be a resident of the United States, or of some territory thereof. He must be owing debts which shall not have been created in consequence of delinquency as a public officer, or in any other fiduciary character, &c. The correlatives of these things, or the facts which would disqualify the applicant for obtaining the relief proposed by the law, would seem to be, first, that he was not a resident of any state, district or territory of the United States; and, secondly. that he was indebted in consequence of delinquency as a public officer, or as executor, administrator, or in some fiduciary character. The first disqualification resulting from the inability of the statute to operate beyond the territorial limits of the country; the second being imposed in the nature of a penalty upon transactions partaking of the character of fraud, or breach of trust. This clause has, however, been interpreted by some, not as denying the right of voluntary bankruptcy to debtors on their individual accounts, because they were debtors also in a fiduciary character; but, as meaning, that where debts existed in a fiduciary character alone, such debts came not within the purview of the statute, and, that in cases where there were debts, both in a fiduciary, and in an individual character, the privilege of voluntary bankruptcy is permitted as to the latter, whilst with respect to the former, the situation of debtor and creditor remains unchanged. Under this construction of the statute, a material difficulty arises. If the statute embrace no debt arising by defalcation, or of a fiduciary nature, these remaining in statu quo, it would seem that they are not provable under the statute, and their owners must look to other sources or responsibilities for satisfaction. By the third section of the statute, "all the property and rights of property, of every name and nature, whether real, personal, or mixed, of every bankrupt, (except wearing apparel and some articles of furniture,) shall by mere operation of law, ipso facto, from the time of the decree of bankruptcy, be deemed to be divested out of such bankrupt, and be vested in the assignee. Nothing, it is presumed, can be provable under the statute, which the statute does not embrace, but excepts out of its operation. By this view of the matter, debts arising from defalcation, or created in a fiduciary character, are placed in an infinitely worse situation than any others, instead of being favored and protected as they should be. In fact, they are by this interpretation placed wholly out of the pale of the law, and rendered hopeless and desperate. For not being subjects of bankruptcy, and excepted out of the provision of the statute, and the decree of bankruptcy, they are not provable under the statute, and cannot be satisfied pro rata with provable claims. All the bankrupt's property is divested by the statute to the latter claims, and the former are left to the personal responsibility of the bankrupt, after he shall have been stripped in favor of a portion of his creditors of all that could justify the remotest hope of payment. Can it have been the intention of the legislature to authorize such mischief? to create such an anomaly as a bankrupt law, whose fundamental principle is said to be perfect equality of claim, independently of all inclination as acts of the parties, yet operating in practice the most manifest inequality? It would seem, that the obligations of society would be better maintained by giving to the law an interpretation which will withhold from fraud and breach of trust, privileges which are declared to be designed for honest misfortune only. This interpretation, too, seems less forced and more in accordance with the natural meaning of the terms of the statute. The absence of the exception here commented upon from the clause relative to involuntary bankrupts, is not thought to operate against the construction, which we deem

should be put upon the first clause. It rather strengthens that construction; for why should this exception, so important in its effects, have been introduced as to the one class of debtors, and not as to the other, unless intended to make a discrimination between them? The involuntary bankrupt is not seeking a privilege for himself; he is affected by the determinations and acts of his creditors, proceeding upon their own calculations of advantage, independently of his wishes; and the law might very well extend to these creditors the right to declare and establish a bankruptcy, for their own benefit, freed from exceptions which it might be equitable to impose on a debtor himself. Moreover, in the instances of involuntary bankruptcy, there being no exceptions as to debts or creditors, every creditor, whether made so in consequence of a defalcation, or of a fiduciary transaction on the part of the bankrupt, would be permitted to prove his demand, and thereby would an equal distribution be extended to all.

Upon consideration of the two questions aforesaid, submitted under the first section of the act of congress, it is the opinion of this court, first, That the petitioner cannot be decreed a bankrupt, when in his petition and schedule he does not include all his creditors and the debts due to them. Secondly, that he cannot be so decreed whilst he owes a debt as executor, or administrator of a decedent's estate, or embracing the entire category in the statute which has been created in consequence of a defalcation as a public officer, or as guardian or trustee, or whilst acting in any other fiduciary character, which is unpaid, although he may owe other debts, not of a fiduciary character.

All which is hereby directed to be certified to the United States court for the Eastern district of Virginia, at Norfolk.